IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SHANNON WALDROP,<br>JOHN WALDROP,<br>    Each Individually and on Behalf of<br>    all Others Similarly Situated,<br><br>    Plaintiffs,<br><br>v.<br><br>TEEL LAW OFFICES, LLC<br>    Defendants. | <br><br><br><br><br><br><br>CASE NO.:  _____ |

**PLAINTIFF'S CLASS ACTION COMPLAINT FOR DAMAGES
AND DEMAND FOR JURY TRIAL**

Plaintiffs Shannon Waldrop and John Waldrop ("Plaintiff"), by and through their undersigned counsel, brings this class action lawsuit against Teel Law Offices, LLC ("Defendant Teel") and alleges as follows:

**NATURE OF ACTION**

1. This is a class action lawsuit brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. sec. 1692, *et seq*.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to 15 U.S.C. sec. 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this State and this District, and where Plaintiff resides in this State and this District.

**PARTIES**

4. Plaintiffs are natural persons, who at all relevant times resided in Glendale Arizona.

5. Plaintiffs are allegedly obligated to pay a debt due a creditor other than Defendant, and thus each are a "consumer" as defined by the 15 U.S.C. § 1692a(3).

6. Plaintiffs' alleged obligation asserted to be owed or due a creditor other than Defendant arises from a transaction or transactions in which the money, property, insurance, and/or services that are the subject of the transaction(s) were incurred primarily for personal, family or household purposes, and thus is a "debt" as defined by 15 U.S.C. § 1692a(5). Specifically, Plaintiffs believe that the underlying alleged debt is an account for medical services provided to Plaintiff Shannon Waldrop.

7. Defendant is a Massachusetts limited liability company with principal offices situated in Lynn, Massachusetts.

8. Defendant can be served via its registered agent, Stephen Teel, at 330 Lynnway, Suite 103, Lynn, MA 01901.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

10. In the year prior to the filing of this Complaint, on or about June 20, 2016, Defendant called Plaintiffs and used a pre-recorded message which stated:

    > If the individual that has answered this phone call is (blank) our law office needs to speak with you with regards to a rather concerning legal matter.  Please press one to be connected to a staff member for assistance.  Thank you.

11. Plaintiff John Waldrop had answered the phone call and pressed one as directed in the message.

12. In the June 20, 2016, phone call with Plaintiff John Waldrop, Defendant offered to settle the account for $500 if payment was received by June 30, 2016.

13. Plaintiff John Waldrop declined to accept the deal immediately but said he needed to speak with his wife, Plaintiff Shannon Waldrop, about the account before agreeing to any repayment.

14. The call described above was the first communication between Defendant and Plaintiff John Waldrop.

15. The call described above ended without Defendant ever informing Plaintiff John Waldrop that Defendant was a debt collector or that the call was an attempt to collect a debt or that any information obtained from Plaintiff John Waldrop would be used for the purpose of debt collection.

16. Plaintiff John Waldrop called back to Defendant later in the day on June 20, 2016.

17. In the second June 20, 2016 call, Defendant offered to email Plaintiffs a letter regarding the account.

18. In the second June 20, 2016 call, Defendant again failed to inform Plaintiff John Waldrop that Defendant was a debt collector or that the call was an attempt to collect a debt or that any information obtained from Plaintiff John Waldrop would be used for the purpose of debt collection.

19. Shortly after the second June 20, 2016 call, Defendant provided Plaintiffs with the letter discussed in the second call.  This letter was an effort to collect from Plaintiffs an alleged obligation asserted to be owed or due a creditor other than Defendant.

20. A copy of the letter is attached as Exhibit 1 to this Complaint.

21. The first paragraph of the letter from Defendant to Plaintiffs state:

> In an effort to satisfy the judgment, our client has given this office the opportunity to extend an offer of a reduced lump sum settlement in the amount of $ 500.00

    which is due no later than 6/30/2016. This offer will be NULL & VOID if not paid on the due date listed here. This compromise is a courtesy to assist you in fulfilling your contractual obligation and initiating a resolution of this judgment.

22. The June 20, 2016 letter falsely referred to the account as a "judgment" twice in the first paragraph, although Plaintiff Shannon Waldrop's account had not been reduced to a judgment.

23. The June 20, 2016 letter memorialized the previous oral offer to settle the account if payment was received "no later than 6/30/2016."

24. Defendant communicated with both Plaintiffs on the phone over the remainder of the day and over the next couple of days.  There were four or more communications total

25. Defendant failed to inform Plaintiffs that Defendant was a debt collector in all of its communications with Plaintiffs.

26. Additionally, Defendant never, in any communication with Plaintiffs, oral or written, provided the notices required by 15 USC § 1692g.  Specifically that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; and that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

27. By offering to setting a deadline to settle the account less than 30 days from the first communication with Plaintiff, Defendant overshadowed Plaintiffs' right to dispute the debt as described in paragraph 26 above.

28. Upon information and belief, Defendant attempts to collect defaulted debts from many consumers residing in Arizona and, as a matter of pattern and practice, does not provide the disclosures described in paragraph 23 above in any communication with any consumer residing in Arizona.

29. Upon information and belief, Defendant attempts to collect defaulted debts from many consumers residing in Arizona and, as a matter of pattern and practice, overshadows one or more of the consumers' rights outlined in 15 U.S.C. § 1692g by creating deadlines for the consumers to settle the accounts for less than the full amount owed on the accounts within the time allowed for Plaintiff's to exercise their 1692g rights.

30. Upon information and belief, Defendant attempts to collect defaulted debts from many consumers residing in Arizona and, as a matter of pattern and practice, does not inform them in the first communication that the communication is from a debt collector, that the communication is an attempt to collect a debt and that any information obtained would be used for the purpose of debt collection.

31. Upon information and belief, Defendant attempts to collect defaulted debts from many consumers residing in Arizona and, as a matter of pattern and practice, does not inform them in communications subsequent to the first communication that it is a debt collector.

32. Upon information and belief, Defendant attempts to collect defaulted debts from many consumers residing in Arizona and, as a matter of pattern and practice, sends letters via

the mail or e-mail falsely representing the status of the account in question as a judgment when the account has not been reduced to a judgment.

## CLASS ACTION ALLEGATIONS

33. Plaintiffs bring this action as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of a Class of individuals consisting of:

    a. all persons located in the State of Arizona who, within one year before the date of the filing of this Complaint, were contacted by Defendant in connection with an attempt to collect any purported debt that was incurred primarily for personal, family or household purposes, where Defendant, in its initial communication with the consumers, failed to inform Plaintiff that the Defendant was attempting to collect a debt and that any information obtained will be used for that purpose.

    b. all persons located in the State of Arizona who, within one year before the date of the filing of this Complaint, were contacted by Defendant in connection with an attempt to collect any purported debt that was incurred primarily for personal, family or household purposes, where Defendant, in any communication with the consumers, failed to disclose that the communication was from a debt collector.

    c. all persons located in the State of Arizona who, within one year before the date of the filing of this Complaint, were contacted by Defendant in connection with an attempt to collect any purported debt that was incurred primarily for personal, family or household purposes, where Defendant, failed to provide one or more of the notices required by 15 U.S.C. § 1692g within five days of the first communication with the consumer.

   d. all persons located in the State of Arizona who, within one year before the date of the filing of this Complaint, were contacted by Defendant in connection with an attempt to collect any purported debt that was incurred primarily for personal, family or household purposes, where Defendant, established a deadline for Plaintiff to accept a settlement offer on the debt that was prior to the 30-day dispute opportunity afforded to person uner 15 U.S.C. § 1692g.

   e. all persons located in the State of Arizona who, within one year before the date of the filing of this Complaint, received one or more written communications from Defendant in connection with an attempt to collect any purported debt that was incurred primarily for personal, family or household purposes, where Defendant falsely represented the legal status of the account in question as being a "judgment" when the consumer's account had not been reduced to a judgment.

34. Excluded from the Class are Defendant, the officers and directors of the Defendant, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

35. The proposed class is so numerous that joinder of all members is impracticable. The exact number of class members is unknown to Plaintiffs at this time and can only be ascertained through appropriate discovery. The proposed Class is ascertainable in that the names address of all members of the Class can be identified in business records maintained by Defendant.

36. Plaintiffs' claims are typical of the claims of the members of the Class because Plaintiffs' claims and all claims of the members of the Class originate from the same conduct,

practices and procedure on the part of Defendant and Plaintiffs have suffered the same injuries as each member of the Class.

37. Plaintiffs have retained counsel experienced and competent in class action litigation.

38. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, as the damages suffered by individual members of the Class may be relatively small, the expense and burden of individual litigation make it impossible for the members of the Class to individually redress the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

39. Issues of law and fact common to the members of the Class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the entire Class.  Among the issues of law and fact common to the Class are:

    a.   Defendant's violations of the FDCPA as alleged herein;

    b.   Defendant's conduct particular to the matters at issue was identical;

    c.   The availability of statutory penalties; and

    d.   The availability of attorneys' fees and costs.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. 1692e(11)

40. Plaintiffs repeat and re-allege each and every allegation contained above.

41. 15 U.S.C. 1692e(11) provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

\* \* \*

(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

42. In its initial communication with Plaintiffs, Defendant failed to inform Plaintiffs that Defendant was attempting to collect a debt and that any information obtained would be used for that purpose.

43. In other communications with Plaintiffs subsequent to the first communication, Defendant failed to disclose that the communication was from a debt collector.

44. As such, Defendant violated 15 U.S.C. 1692e(11).

## COUNT II
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. 1692g

45. Plaintiffs repeat and re-allege each and every allegation contained above.

46. 15 U.S.C. 1692g provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following

9

information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

\* \* \*

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

47. Defendant communicated with Plaintiffs multiple times, by phone and by letter, yet never provided the notices required by 15 U.S.C. § 1692g as described above.

48. Further, on June 20, 2016, Defendant communicated with Plaintiffs for the first time and communicated to Plaintiffs a deadline of June 30, 2016 to settle the account for less that the full balance of the account, thereby overshadowing Plaintiffs' 15 U.S.C. § 1692g rights.

49. As such, Defendant violated 15 U.S.C. 1692g.

**COUNT III**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT,**
**15 U.S.C. 1692g**

50. Plaintiffs repeat and re-allege each and every allegation contained above.

51. 15 U.S.C. 1692e(2) provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> \*\*\*
>
> (2) The false representation of—
>
> (A) the character, amount, or legal status of any debt;

52. Defendant's June 20, 2016 letter communicated to Plaintiff multiple times that the Account had been reduced to a "judgment." This was a false statement and amounts to a false representation of the legal status of the debt.

53. As such, Defendant violated 15 U.S.C. 1692e.

**JURY TRIAL DEMANDED**

54. Plaintiff hereby demands a trial by jury.

**PRAYER F OR RELIEF**

WHEREFORE, Plaintiff respectfully requests for relief and judgment, as follows:

(a) Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

(b) Adjudging that Defendant violated 15 U.S.C. § 1692e(2) and § 1692e(11) and § 1692g;

(c) Awarding Plaintiff and members of the class statutory damages against Defendant pursuant to 15 U.S.C. 1692k in the amount of $1,000.00 per class member;

(d) Awarding Plaintiff and members of the class reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k; and

(e) Awarding other and further relief as the Court may deem just and proper against Defendant.

                                     Respectfully submitted,

                                     <u>/s/ Ryan Lee</u>

                                     Ryan Lee
                                     Attorney at Law
                                     Law Offices of Ryan Lee, PLLC
                                     7272 E. Indian School Rd.
                                     Ste. 540
                                     Scottsdale, AZ 85251
                                     Phone: (323) 524-9500
                                     Fax: (323) 524-9502
                                     ryan@ryanleepllc.com
                                     www.ryanleepllc.com